Good morning. May it please the court. I'm Robert Jobe, and I'm appearing today on behalf of the petitioner, Ruby Sagrado. For the first time in my life, I'm appearing before the court without being wedded to any particular position. In this case, USCIS made a finding that the petitioner is barred from ever being the beneficiary of a visa petition pursuant to Section 204C of the Immigration Act. And we want to challenge that. We want to challenge that finding that she's barred under Section 204C. But the statute, at least in my mind, is somewhat unclear about how we go about doing that. I thought her problem was the first marriage is fraudulent, and once you have a fraudulent marriage, it doesn't matter if you get a good one. You're barred from adjustment of status. That's their finding. But the thing is, Your Honor, that the finding that was made the first time around, I don't actually construe the original decision as actually making a 204C finding, but any 204C finding that was made with respect to the first petition at that time is not binding. They need to reconsider that issue in the context of the second petition that was filed. And the case law on that is pretty clear. Let me just give you a couple citations to board law on that. Matter of Taufik, it's 20INN Decision 166, and Matter of Sampson, 15INN Decision 28. I'm a little bit lost on your distinction there. You want to go through it slowly again? Yeah. I mean, essentially, we want to challenge the 204C finding. And the 204C finding that's at issue was made when the petitioner married her second husband, and as a defensive matter, as a defense to deportation, she filed an I-130, or her husband filed an I-130 with USCIS as a predicate to her filing an application for adjustment of status. And I think the important thing, the thing that makes this case difficult for me, is that the I-130 in this case, the petition that was filed by her husband, that's a predicate to her being able to go forward on an application for adjustment of status. But the application for adjustment of status that she was seeking to file, it was a defensive application. It was a defense to the charge of removal. And I think that that's important because, you know, 242B9 basically says any question of law or fact that arises from a proceeding brought to remove somebody from the United States, it basically has to be litigated in this court. And because she filed her application defensively, it appears to me that 242B9 would suggest that it's this court and only this court that has jurisdiction to review the legal issues that arise from the denial of the visa petition that was filed under Section 204C. There's something that I keep remembering and then forgetting. One of these applications isn't filed by her. It's filed by her husband. Right. And that is the visa petition. That's the I-130 petition that was denied. But that, you know, that's an interesting point. Although the visa petition was filed by the husband, the 204C finding that was made in the context of that petition, it relates only to the petitioner herself, Ms. Sagrada. Is that the one to adjust her status to being a spouse of an American? Right. The petition is the visa. So it's not really quite correct to say that she filed it defensively because she didn't file it at all. You're right about that. The husband filed it as a sort of a conditioned precedent for her being able to go forward on an application for adjustment of status. But it's important to also remember that the finding that was made in the context of adjudicating that petition relates only to her. The 204C finding bars her from ever being the beneficiary of any petition, from her current husband, a future husband, a parent, a child. As I understand it, the deal is husband says, I want to keep my wife in America. Right. And they say no because your wife once filed a fraudulent claim to fraudulent marriage.  So you can't keep your wife in America. Right. So I guess the issue is you're absolutely right. The husband files the petition. But then the question still remains the issues that arise from the denial of that. She didn't have any other claim to being in America, right? That's right. She didn't come here on a tourist visa or something and overstate it? Right. That's right. She didn't have any claims. Her only defense to deportation. What she's saying now is don't deport me because you should have reopened to adjudicate my husband's application to keep me in America. No. What she's saying is that essentially I was prevented from applying for adjustment of status, which would have resulted in me getting a green card, because you denied my husband's petition, which was a conditioned precedent of my going forward on my adjustment application. And she's saying that in denying that petition you denied me a fair procedure because you relied, for example, on a statement from my ex-husband and I never had the opportunity to cross-examine him or really even rebut that statement. You relied on an investigative report that I never got to see or, you know, cross-examine the authors of. So she's challenging the procedures. She wants to challenge the procedures underlying the 204C finding. And in order for her, it's relevant to the deportation case, obviously, because, again, one, the visa petition that's at issue as well. She never had an opportunity to appear and contest in the previous adjustment of status? No. It just doesn't work that way, Your Honor. I mean, the part of the ---- Explain how it works. You know, and I don't. Yeah. What happens in practice, really, is that they say, well, we looked at your file, and there are these documents in your file, and we believe that there's basis here for a 204C. Well, I read that. It looked like a fraud from a marriage. But obviously, in order to rebut that, the statement by the husband, let's just take that as an example, the only way that she could really do that is to have some opportunity to cross-examine him, to question him. Did she have notice and an opportunity to appear and be heard? She had no opportunity to cross-examine him because there isn't any opportunity to do that in these 204C interviews, in the I-130 interviews. It just doesn't happen. It's not set up. They could do it, but I've never seen it happen in 20 years. I know they take hearsay evidence in immigration, but what I mean is she had notice and an opportunity to be heard in that adjustment of status proceeding. It depends on how you define an opportunity to be heard. She had some limited opportunity to present evidence, but she didn't have an opportunity, for example, to cross-examine her ex-husband. And in our view, that's an essential point of any challenge that we would want to make. And, you know, ultimately, we're not talking about the merits of that challenge. We might be wrong about that. We might be right. We're really just concerned at this point with where do we bring it? Do we bring it in district court or do we bring it to the Ninth Circuit? And I guess, you know, there are pros and cons for each. When you're talking about a challenge, you're saying somehow that this is unconstitutional? I don't understand. Yes. My own view, Your Honor, on that point is that the procedures that prevented her from becoming the beneficiary of an approved visa petition, in my view, they undermine the fundamental fairness of her removal proceeding. She has a right to go forward, if I could explain it. She has a right to apply for adjustment of status during the course of the removal proceeding. And if that's granted, she gets a green card and the removal proceedings are terminated. But she can only go forward on the application for adjustment of status if USCIS first adjudicates the I-130 and approves it. And if the procedures that underlie any adjudication of the I-130 are unfair and prevent her from getting the approval to which she otherwise believes she's entitled, she can't apply for the relief that she would otherwise be entitled to apply for in the removal proceeding. And it's on that basis. Counsel. Yes, Your Honor. Counsel, once this I-130 is disapproved, what kind of review of that could the husband get? It goes to the Board of Immigration Appeals. And that's what we're saying in this case should have happened, is that she had two appeals pending at the Board, an appeal from the immigration judge ordering her deported and an appeal from the USCIS's denial of the I-130, and they're both supposed to be at the Board. Now, the problem with this is that when an I-130 is denied by USCIS, the petitioner, her husband, doesn't file it directly with the Board. He's supposed to file it with the USCIS office, and then by regulation they're supposed to, quote, promptly forward it to the Board. They didn't promptly. But he didn't do that, did he? Yes, he did. He filed the appeal, but USCIS didn't promptly forward it to the Board as they were supposed to do. And as a result, the Board didn't adjudicate the petition, the appeal for four or five years. But what should have happened, in our view, is that the government should have promptly forwarded the appeal to the Board as they were required to do by the regulations. That way, both of these appeals would have been pending before the Board at the same time. And the Board, in our view, if jurisdiction rests with the Ninth Circuit on this issue, the Board should have consolidated the two so that they come so that the two cases come before this Court as a unitary whole rather than separate pieces. I'm not sure I've got this right at all. But if I understand the law correctly on this, a foreigner who marries an American does not have any right to stay in America to be with her husband. The American has a right to get the foreigner a visa so that she can stay with him in America. And what happened here was the husband applied to get a visa for the wife, but then when the service discovered that the whole thing was phony, or at least in their opinion it was phony, he wrote this letter saying, well, I married her as so that she would pay me, and she's behind on her installment payments, so I'm withdrawing my application. Right. If I could just comment on that. And it's his right, not hers. If I could just comment on that, that was the original petition. Now she's married to a new husband. There's no doubt about the bona fides of that second marriage. And the real issue is the procedures that they employ to adjudicate that second petition. You're just playing out of luck if you marry a foreigner and she previously had a fraudulent marriage. You can't keep her. Right. The 2-4C finding is a permanent bar to ever having any other petition approved on that person's behalf. And so that's why it's especially important that the procedures underlying any such finding be fair, because they prevent her from living with her current husband when everybody agrees that that marriage is bona fide. Well, preventing her really isn't the point. It's preventing him from having her. No, I don't agree with that, because obviously it's that sort of rings of whether she has standing to sue. She had no right to be here beyond her tourist period of 30 or 90 days. That's true, but she did have a right by statute to apply for adjustment of status. I thought he applied for the adjustment of status. No, he applies, he files the petition. And the petition, as I say, is like it's a condition that it's a predicate that has to be met before she can go forward on her application for adjustment of status. But the application for adjustment of status is hers. And normally these are filed as what we call a one-step. Her application is accompanied by his petition. But she can't, the judge, the immigration judge, the way it's set up now, can't adjudicate her application unless there's an approval from USCIS on the petition that was filed by the U.S. citizen's spouse. But ultimately, she wants to challenge that, and she can, because under the APA, obviously she being a person aggrieved by agency action, this court has already ruled that she in federal court would have standing to challenge the denial of the option 30. But notwithstanding the APA and notwithstanding this Court's precedent that she could challenge such a finding in federal court, the BIA says she doesn't have any rights over the petition administratively. Now, there's a huge inconsistency there that we think needs to be resolved, but that is the regulation. But that regulation that says that, that all was promulgated before Section 242b9 came into effect. And I guess on that point, Your Honor, the question, and I don't have a strong view on this, but the question for the Court, I think, is whether the regulation that was promulgated by 240 – promulgated by the government is now inconsistent with the more recently enacted 242b9 that says that all this stuff has to come before the court of appeals. Roberts. Thank you, counsel. Thank you, Your Honor. Good morning, and may it please the Court. My name is Nicholas Harling, and I represent the Respondent, the Attorney General of the United States. The only decision before the Court today is the board's denial of Segrato's motion to reopen, because that is the only decision from which an appeal has been filed. Moreover, and most importantly, Segrato's petition to this Court is moot, because the relief that she seeks, the consolidation of the two board appeals, is unavailable. Subsequent to the board's denial of her motion to reopen – What she really wants to do here is attack the finding that the first marriage was fraudulent. And she says that she never got a fair chance to attack it. If she were correct on that and she were to get the relief she seeks here, which is an opportunity to attack that determination, and she succeeded in proving that it was not a fraudulent marriage, she was just having a spat, and that's why her husband wrote this letter about she's behind on her installment payments, so goodbye. If she succeeded in all that, then I suppose she could succeed on her second adjustment of status and get a green card and stay with husband number two. Your Honor, it's a – Why wouldn't it be non-moot because of that? It's a nuanced distinction. Although she technically doesn't have the right to appeal from the first denial of the I-130, her current husband can appeal that to the district court, and that is where the appropriate appeal lies. This Court – The new husband can appeal to district court? The new husband, the second husband, can appeal the second I-130's denial to the district court. This Court held in El Vez, any determination regarding INS conduct during a visa petition proceedings is collateral to a deportation order and must initially be raised in the district court. So she can't – Counsel, is it now time, Mark? Which one? Can they still – The I-130? Can they still go to district court? Yes. Under the APA, there should not be any statute of limitations on that appeal, is my understanding. So there's no time bar? Correct, Your Honor. Correct. So they could leave today and go file papers in the district court? That's my understanding, yes, Your Honor. However, the distinction is Sagrada herself cannot appeal that to the district court because she is merely a beneficiary under the I-130. And as the Board's motion to reopen pointed, she does not have standing. But her husband could. I'm confused about that, as you could probably tell. I thought it was the husband's right to keep the wife here and that he was the petitioner. But it sounds as though both of them have something they file. She files an application. He files a petition. So they both have some sort of right. Clarify it for me. I believe that you are understanding, Your Honor. What I'm saying is that her husband, because the issue here is dealing with the I-130, which was filed by her husband, then he can appeal that determination  However, Ms. Reynolds? Counsel, could we just transfer this to the district court? No, you couldn't, Your Honor. It's not appropriate because under 28 U.S.C. Section 1631, it reads that it could only be transferred to the district court if it could have been brought in the district court initially. And because this appeal today is arising under 1252b9, it's arising from an order of removal. Then this court today is the appropriate and only venue for that appeal because it could not have originally been appealed to the district court. It can't be transferred directly. Going back to the Board's denial of the motion to reopen, it was a sound decision by the Board, and the Board gave five reasons. The context of today's discussion has to take place within the requirements of a motion to reopen, the first and foremost being that new evidence has to have been presented. In this case, no new evidence was presented. Arguably, a new jurisdictional argument was presented, but that doesn't satisfy the regulatory requirement of new evidence. And that was the first ground upon which the Board denied the motion to reopen. Subsequently, the Board found that Sgrato did not have standing because she was merely a beneficiary under the second I-130. The Board recognized that it was a separate and independent proceeding, and therefore there was nothing in the regulations that required the consolidation of the two. The Board also recognized the unnecessary delay. If they had no determination of how long it might take. I thought the delay was not a delay of hers. It was a delay of the government's because the government didn't get his part of it up there. That's correct. Up to the BIA. So the delay was the delay of the government's. It was the delay. So you can't blame her for the government's delay, can you? That's true, Your Honor. However, because the nature of these two proceedings are separate, then it was. It may be separate, but they're conjoined. It's the same way as husband and wife are separate people, but there is a joinder. Well, Your Honor, even given, even if the government were to be faulted for that delay, as previously mentioned. There's no doubt about it. Well, as equal, Your Honor, there is no doubt that new evidence was not presented to support this motion to reopen. Arguably, that basis for the denial supports the Board's decision by itself. Well, I hear what you're saying. If there are no further questions from the panel, the Respondent requests that the petition for review be denied because the Board's denial of the motion to reopen was neither arbitrary, irrational, or contrary to law.  Thank you, counsel. Mr. Jobe, you ran through your time, but why don't you take 30 seconds? It's complicated. If the questions that we are trying to raise with respect to the 204C finding here arise from the proceeding that was brought to remove her from the United States, there is no district court review of those questions. And 242B9 says that explicitly. I know that the case law that preceded 242B9 said district court has jurisdiction, but that just begs the question, is that case law still good law in view of 242B9? Generally, if there's no deportation or removal proceeding that was commenced, I agree. It's clear you've got to go to district court. But if the application for adjustment of status and the underlying visa petition are filed as a defense to removal, it's not at all clear to me. I would rather be in district court, but I think, frankly, the language of the statute doesn't really allow for it. That's where we are today. Thank you, counsel. All right. Thank you. Sagrado v. Holder is submitted.
judges: B. Fletcher, Kleinfeld, Duffy